1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL MELCHER,

        Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,
et al.,

        Defendants.

Case No.: 11-cv-6373 JSC

**ORDER RE: FEDERAL
DEFENDANTS' MOTION TO
DISMISS (Dkt. No. 17)**

      Plaintiff, Paul Melcher, proceeding pro se has sued his employer, the United States

Postal Service, and three employees of the United States Postal Service ("USPS"), alleging

discrimination and harassment.[1]   The Federal Defendants now move to dismiss the

Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

12(b)(1), or alternatively, pursuant to Rule 12(b)(6) on the grounds that Plaintiff's Complaint

fails to state a claim upon which relief can be granted.  (Dkt. No. 17).  This matter was

calendared for a hearing on August 9, 2012; however, Plaintiff did not appear.  Having

reviewed the parties' filings, the Court GRANTS the motion to dismiss with leave to amend

as to some of the claims and with prejudice as to the remaining claims.

---

[1]  Pursuant to 28 U.S.C. § 636(c), both parties consented to the jurisdiction of a United States
Magistrate Judge. (Dkt. Nos. 5, 16).

**BACKGROUND**

Plaintiff's First Amended Complaint ("FAC") alleges that he has been discriminated against and suffered retaliation and harassment during the course of his employment at the United States Post Office. Although the FAC is difficult to understand and fails to present a coherent narrative of the relevant factual background, Court has gleaned the following from its review of the FAC.

Plaintiff, a white man with work-related hearing loss, has been employed by the USPS for more than twenty years. (Dkt. No. 10, § 3). On March 24, 2007, there was an incident at his workplace wherein Plaintiff was falsely accused of having been observed drinking alcohol prior to work near his car parked on a street adjacent to the post office facility at which he worked. (Dkt. No. 10, ¶ 3). Plaintiffs' manager, Thomas Hom, observed the alleged incident and told other employees at the post office facility at which they both worked about the incident. (Dkt. No. 10, ¶¶ 7-12, 45, 64). As far as the Court can tell, Plaintiff was never disciplined, reprimanded, or otherwise formally charged with misconduct as a result of this incident. However, Plaintiff alleges that the false allegations led to harassment and a hostile work environment from March 24, 2007 to December 2009 when Plaintiff moved to a different position within the post office. (Dkt. No. 10, pp. 2-12, 62-63). During this time, Plaintiff has been under the care of a psychologist and he was repeatedly placed on disability as a result of anxiety, stress, and depression which he experienced as a result of the incident. (Dkt. No. 10, pp. 11-12, 58-64). Plaintiff filed a worker's compensation claim as a result of these psychological issues. (Dkt. No. 10, p. 10).

Plaintiff alleges that he has been subject to harassment and retaliation at work as a result of this incident and that he has been discriminated against based on his race and his hearing loss in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). (Dkt. No. 10, ¶ 2). Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging hostile working environment. The EEOC denied his claim on September 13, 2011. (Dkt. No. 1, pp. 5-7).

United States District Court
Northern District of California

United States District Court
Northern District of California

On December 16, 2011, Plaintiff filed his complaint in this action on the form employment discrimination complaint form. (Dkt. No. 1). On April 20, 2012, he filed his First Amended Complaint. The FAC is 13 pages and largely describes the contents of the more than 100 pages of documents attached to the FAC; however, the documents are mostly single pages of multi-page documents. (Dkt. No. 10). On July 3, 2012, the United States Attorney's Office appeared on behalf of the Federal Defendants and moved to dismiss.[2]

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Here, the Federal Defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), and alternatively, for failure to state a claim under Rule 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to seek dismissal based on lack of subject matter jurisdiction. A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating such a challenge, the court accepts the factual allegations in the complaint as true. See Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). In contrast, where the defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may instead make factual determinations. White, 227 F.3d at 1242. The burden of proof on a Rule 12(b)(1) motion is on a party asserting jurisdiction. Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995).

---

[2] Defendants contend that it is not clear whether the individual Defendants were properly served under Federal Rule of Civil Procedure 4, and thus, they are specially appearing for purposes of the motion to dismiss without waiving proper service.

United States District Court
Northern District of California

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).   Under Federal Rule of Civil Procedure 8(a) (2) a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 554 (internal citations and quotations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).   However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotations omitted).   "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

Pro se pleadings are generally liberally construed and held to a less stringent standard. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).   In Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010), the Ninth Circuit held that courts must still liberally construe pro se filings post-Iqbal noting that "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Id. at 342 (internal quotations and citations omitted).

1   Nevertheless, the Court may not "supply essential elements of the claim that were not initially

2   pled." <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3                                        **DISCUSSION**

4          Plaintiff alleges race discrimination under Title VII and disability discrimination under

5   the ADA.  Defendants also read Plaintiff's FAC as including a claim for the tort of

6   misrepresentation.  (Dkt. No. 17, p. 14).  Defendants move to dismiss the tort claim for lack

7   of subject matter jurisdiction because Plaintiff failed to exhaust under the Federal Tort Claims

8   Act ("FTCA").  Defendants also move to dismiss the action as to all the individual Defendants

9   because the only proper Defendant in an employment discrimination claim is the head of the

10  agency.  Lastly, Defendants move to dismiss Plaintiff's employment discrimination claims for

11  failure to state a claim.  The Court will address each of these arguments in turn.

12  **A.  <u>Subject Matter Jurisdiction</u>**

13         Defendants read the FAC as including a claim for the tort of misrepresentation.  (Dkt.

14  No. 17, p. 13).  To the extent that it does, Defendants argue that the United States, as a

15  sovereign entity, cannot be sued without its consent and therefore, the court has no

16  jurisdiction to award relief unless such relief is expressly authorized by statute.  Further,

17  although the FTCA provides a remedy for those allegedly injured by negligent acts of

18  government employees working within the scope of their employment, Defendants assert that

19  Plaintiff has not met the FTCA's exhaustion requirement and therefore cannot sue the United

20  States.  In particular, Defendants assert that Plaintiff was required to file an administrative

21  claim within two years of the alleged tortuous conduct.

22         It is well settled that the United States, as sovereign, can be sued only to the extent that

23  it has consented to be sued.  <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985).

24  Therefore, no court has jurisdiction to award relief against the United States or a federal

25  agency unless the requested relief is expressly and unequivocally authorized by federal

26  statute.  <u>United States v. Sherwood</u>, 312 U.S. 584, 586-87 (1941).  Here, to the extent Plaintiff

27  intends to state a claim for the tort of misrepresentation based on the false allegations made

28  about him, the FTCA provides the exclusive waiver of sovereign immunity for actions

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1   resulting in tort against the United States, its agencies, and employees acting within the scope

2   of their employment.  Smith v. United States, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. §

3   1346(b)).  Under 28 U.S.C. § 2675(a) "a tort claimant may not commence proceedings in

4   court against the United States without first filing a claim with an appropriate federal agency

5   and either receiving a conclusive denial of the claim from the agency or waiting for six

6   months to elapse without a final disposition of the claim being made."  Jerves v. United

7   States, 966 F.2d 517, 519 (9th Cir. 1992).  This statute of limitations is jurisdictional and

8   cannot be tolled.  Marley v. United States, 567 F.3d 1030, 1034 (9th Cir. 2009); see also

9   United States v. Kubrick, 444 U.S. 111, 117-18 (1979) ("[T]he [FTCA] waives the immunity

10  of the United States and ... in construing the statute of limitations, which is a condition of that

11  waiver, we should not take it upon ourselves to extend the waiver beyond that which

12  Congress intended").

13       Here, Plaintiff does not allege that he has filed an administrative tort claim.  Further,

14  Defendants allege that no such claim was filed from 2008 to present.[3]  (Dkt. No. 17-1, ¶ 2).

15  Given that Plaintiff does not appear to have exhausted his administrative remedies with

16  respect to any tort allegations contained within his FAC, the Court finds that it lacks subject

17  matter jurisdiction over any tort claims under the FTCA.

18       Defendants also argue that pursuant to 28 U.S.C. § 2680(h) the FTCA does not

19  recognize a claim for a tort arising from misrepresentation.   Although the FAC also includes

20  allegations of fraud and conspiracy, "claims against the United States for fraud or

21  misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)."

22  Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981).   Because a

23  conspiracy claim is not an independent cause of action, the Court finds that Plaintiff's tort

24  claims, as alleged, are barred under 28 U.S.C. § 2680(h).  See Davenport v. Litton Loan

25  

26  [3] The Court notes that Defendants appear to have only searched for tort claims filed within the
San Francisco District from 2008 to present, although the alleged incident took place in 2007.

27  However, as Plaintiff has not alleged that he in fact filed a tort claim, the Court finds that this
does not preclude the Court from concluding that Plaintiff has failed to exhaust his

28  administrative remedies.  See Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

1    Servicing, L.P., 725 F.Supp.2d 862, 881 (N.D. Cal. 2010) ("A conspiracy is not an

2  independent cause of action, but is instead a legal doctrine that imposes liability on persons

3  who, although not actually committing a tort themselves, share with the immediate tortfeasors

4  a common plan or design in its perpetration") (internal citations and quotations omitted).

5  Thus, without a waiver of sovereign immunity, this Court lacks jurisdiction to hear Plaintiff's

6  tort claims and those claims must be dismissed with prejudice.

7    **B.  Claims Against Individual Defendants**

8        The proper defendant in a Title VII case involving a federal employee is the head of

9  the agency or department.[4]  42 U.S.C. § 2000e–16(c).  In a case against the USPS, the

10  Postmaster General is deemed the only proper defendant.  See Mahoney v. U.S. Postal

11  Service, 884 F.2d 1194, 1196 (9th Cir. 1989).  Here, Plaintiff names the Postmaster General

12  as well as three USPS employees, Defendants Hom, Gonzales, and Simonson.

13        Similarly, to the extent that Plaintiff seeks to state a claim for the tort of

14  misrepresentation, Defendants contend that the only proper Defendant is the United States.

15  Defendants allege that because the conduct at issue allegedly occurred while the individual

16  Defendants were acting within the course and scope of their employment, the only proper

17  Defendant is the United States.   Section 28 U.S.C. § 2679(d) states that "Upon certification

18  by the Attorney General that the defendant employee was acting within the scope of his office

19  or employment at the time of the incident out of which the claim arose, any civil action or

20  proceeding commenced upon such claim in a United States district court shall be deemed an

21  action against the United States under the provisions of this title and all references thereto,

22  and the United States shall be substituted as the party defendant."  See also Pauly v. U.S.

23  Dept. of Agri., 348 F.3d 1143, 1150-51 (9th Cir. 2003).  Although this statue suggests that the

24  proper Defendant is the United States rather than the individual Defendants, Defendants have

25  ───────────────

26  [4] Plaintiff also attempts to state a claim for disability discrimination which would arise under
   the Rehabilitation Act.  The Rehabilitation Act simply makes available to victims of handicap

27  discrimination the rights and remedies embodied in Title VII. See Boyd v. United States
   Postal Serv., 752 F.2d 410, 412 (9th Cir. 1985). Thus, this analysis is applicable to both

28  claims.

United States District Court
Northern District of California

not filed a "certification by the Attorney General" stating that the allegations against Defendants Hom, Gonzales and Simonson arose while they were acting the in course and scope of their employment.  Without such a certification, the Court declines to dismiss the claims against the individual Defendants on this basis.

However, it does not appear that the individual Defendants were properly served in this action.  The Certificate of Service (Dkt. No. 15) indicates that the individual Defendants, Hom, Gonzales, and Simonson, were served by mail; however, Rule 4(e) does not authorize service by mail.  See Caesar v. Horel, No. 08-1977, 2011 WL 3050196, at *3-5 (N.D. Cal. Jul. 25, 2011).  Under Federal Rule of Civil Procedure 4, an individual defendant may be served with process by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made, [or] (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Although Rule 4 authorizes service in accordance with State Law, California law similarly does not allow for service of process simply by mailing a copy of the summons and complaint.  California Code of Civil Procedure § 415.30 provides that a party can accomplish service where someone other than the plaintiffs sends via first class mail: (a) a copy of the summons and complaint, or in this case—the FAC, (b) two copies of the notice and acknowledgment form, and (c) a return envelope, postage prepaid, addressed to the sender.

Here, Plaintiff has only provided the Court with copies of Certified Mail receipts reflecting that he mailed something to the individual Defendants on May 3, 2012.  This falls short of satisfying Section 415.30 or Rule 4(e).  Accordingly, the Court finds that the individual Defendants have not been properly served.

## C. **Failure to State a Claim**

Plaintiff alleges that he was subject to harassment, discrimination and retaliation during the course of his employment with the USPS.  Title VII is the exclusive judicial

United States District Court
Northern District of California

1  remedy for claims of discrimination based on race, religion, sex or national origin.  Brown v.

2  Gen. Servs. Admin., 425 U.S. 820, 825 (1976).  Similarly, the Rehabilitation Act is Plaintiff's

3  exclusive remedy for disability discrimination claims.[5]  Boyd v. U.S. Postal Service, 752 F.2d

4  410, 413–14 (9th Cir.1985).

5  **1.  Plaintiff's Title VII Claim**

6       Plaintiff alleges that he was subject to harassment, retaliation and employment

7  discrimination in the aftermath of the March 24, 2007 event.  He alleges that Defendant,

8  Thomas Hom, a manager at the facility at which he worked, falsely accused him of drinking a

9  beer outside of USPS property prior to coming to work and that Defendant Hom repeated

10 these allegations to numerous other individuals.  Plaintiff further alleges that Defendant Hom

11 referred his "red skin" which is the result of Plaintiff's use of medications for diabetes and

12 high blood pressure. (Dkt No. 10, p. 7).

13      It is not clear how Plaintiff's allegations fit within the Title VII framework.  As an

14 initial matter, it does not appear that he alleges that the discrimination was based on race,

15 ethnicity, or gender.  Although Plaintiff checked the box for discrimination based on "my race

16 or color" on the form employment discrimination complaint he initially filed in this action,

17 Plaintiff's FAC does not contain any such allegation.  The FAC does not suggest that the

18 discrimination was based on the fact that he was a white man, or any perceived ethnicity (the

19 "red skin" allegation presumably relating to a suggestion that he was a heavy drinker).

20 Similarly, there is no suggestion that the discrimination was religious in nature.  Further,

21 Plaintiff has not alleged a plausible claim of harassment, employment discrimination, or

22 retaliation.

23      To state a claim for employment discrimination Plaintiff must show that (1) he is a

24 member of a protected class, (2) he was performing his job in a satisfactory manner, (3) he

25 suffered an adverse employment decision, and (4) he was treated differently than similarly

26 situated persons outside his protected class.  McDonnell Douglas Corp. v. Green, 411 U.S.

27
28

---

[5]  Plaintiff alleges a claim for violation of the ADA; however, as a federal agency the USPS is not a covered entity under the ADA.  Instead, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-794 (1975 & Supp.1983), applies and affords much the same protection as the ADA.

United States District Court
Northern District of California

792, 802 (1973).  Here, Plaintiff has neither alleged that he is a member of a protected class or that there was an adverse employment decision.

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in a statutorily protected activity (i.e., that he protested or otherwise opposed unlawful employment discrimination directed against employees protected by Title VII); (2) subsequently, he suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action.  See Thomas v. City of Beaverton, 379 F.3d 802, 811 (9th Cir. 2004).  Here, as with Plaintiff's employment discrimination claim, Plaintiff has not alleged any adverse action, nor has he alleged that he engaged in a protected activity.

Finally, to state a claim for harassment, Plaintiff must show that (1) he was subjected to verbal or physical conduct based on his membership is a protected class; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive work environment.  Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).  Although the conduct alleged in the FAC most closely resembles a claim for harassment based on a hostile work environment, the verbal conduct alleged was not based on his membership in a protected class.  Plaintiff alleges that Defendant Hom falsely accused him of drinking before work, but makes no attempt to tie these allegations to Plaintiff's membership in a protected class.

Accordingly, because Plaintiff has failed to allege sufficient facts to support his claims of employment discrimination, retaliation, and harassment he has failed to state a claim for relief under Title VII.  The Court dismisses his Title VII claim under Rule(12)(b)(6) with leave to amend.

## 2.  Plaintiff's Disability Discrimination Claim

As an initial matter, Plaintiff alleges a claim for violation of the ADA; however, as discussed above, the Rehabilitation Act of 1973 is the exclusive judicial remedy for claims of discrimination by the federal government on the basis of disability.  See Boyd v. United States Postal Serv., 752 F.2d 410, 413-14 (9th Cir. 1985).  Thus, to the extent that Mr.

1    Melcher's disability discrimination claim is based on the ADA, it must be dismissed with

2    prejudice.

3          Plaintiff's disability discrimination claim, if any, would arise instead under the

4    Rehabilitation Act.  To state a claim under the Rehabilitation Act, Plaintiff would have to

5    demonstrate that: (1) he is a person with a disability, (2) who is otherwise qualified for

6    employment, and (3) suffered discrimination because of his disability.  Walton v. United

7    States Marshals Service, 492 F.3d 998, 1005 (9th Cir. 2007) (internal citations omitted).

8    Here, Plaintiff alleges a disability based on hearing loss.  Although his disability

9    discrimination allegations in the FAC are difficult to decipher, his opposition to Defendants'

10   Motion to Dismiss states that "my disability is 1/3 hearing loss with tinnitus which I have had

11   since 1998.  In 2001 USPS manager Hom's office gave me accommodated job which I had

12   done until March 2009 then the USPS did not allow me to work for some several months

13   even though I was qualified to do many jobs until I got a bid assignment to start work on

14   12/19/2009 at another facility away from the harassing managers."  (Dkt. No. 21, p. 2).

15         Even under the liberal filing standards applied to pro se cases, Plaintiff's allegations

16   fail to state a claim for disability discrimination.  Plaintiff's allegations do not provide any

17   basis to conclude that the reason the USPS did not allow him to work in 2009 was because of

18   his disability.[6]   Accordingly, Plaintiff's claim for disability discrimination must be dismissed

19   with leave to amend.

20                                **CONCLUSION**

21         Based on the foregoing, the court GRANTS Defendants' Motion to Dismiss (Dkt. No.

22   17).  Plaintiff's claims under the ADA and his tort claims for misrepresentation, fraud and

23   conspiracy are dismissed with prejudice.  Plaintiff's claims under Title VII and his claims for

24   disability discrimination if properly pled under the Rehabilitation Act are dismissed with

---

25   [6]  Further, the Court notes that it is not clear to what extent Plaintiff has exhausted any claims
26   for employment discrimination based on his hearing loss.  See Vinieratos v. U.S., Dept. of Air
     Force Through Aldridge,  939 F.2d 762, 773 (9th Cir. 1991) (stating that "a federal employee
27   who alleges employment discrimination on the basis of a handicap must exhaust the
     administrative remedies available under Title VII" and failure to exhaust "forecloses any
28   claim to jurisdiction under the Rehabilitation Act").

United States District Court
Northern District of California

leave to amend.  Plaintiff's claims against the individual Defendants, Hom, Gonzales and Simonson are dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff may file a Second Amended Complaint within 21 days from the date of this order.  Plaintiff is warned that his failure to file an Amended Complaint by this deadline will result in judgment in favor of the served Defendants.

The Court directs Plaintiff's attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants.  Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-9000 extension 8657, for free legal advice regarding his claims.

**IT IS SO ORDERED.**

Dated:  August 9, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California